Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica Covington (SBN301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>EAST LION CORPORATION, a California Corporation; J.RELECTION, INC., a California Corporation: and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. CV 15-8971-GW(SSx)<br><br>**ORDER TO CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY ACTION OF DISMISSAL WITH PREJUDICE**<br><br>**Hon. George H. Wu** |

**WHEREAS Plaintiff Deckers Outdoor Corporation** ("Deckers" or "Plaintiff") having filed a Complaint in this action charging **Defendant East Lion Corporation** ("Defendant") with Trade Dress Infringement, Patent Infringement, and Unfair Competition arising from Defendant's manufacture, distribution, promotion, advertisement, offering for sale, and/or sale of footwear, the design of which Deckers has alleged infringes upon its Bailey Button Boot Trade Dress (defined below) and '999 Patent (defined below). The "Accused Products" which Deckers has alleged infringe upon its trade dress and design patent are identified by the Style Name "OAKLEY-118" (hereinafter "Accused Products"), an example of which is (shown below); and



**WHEREAS**, Deckers is the owner of U.S. Patent No. D599,999 for the "Bailey Button" boot (registered on September 15, 2009) (hereinafter " '999 Patent"); and

**WHEREAS**, Deckers is the owner of the "Bailey Button Boot Trade Dress," which is characterized by a combination of the following non-functional elements: (a) classic suede boot styling made famous by the UGG® brand; (b) overlapping of front and rear panels on the lateral side of the boot shaft; (c) curved top edges on the overlapping panels; (d) exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and (e) one or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels, and which characterization is accompanied by the following images:

  

**WHEREAS**, the parties hereto desiring to fully settle all of the claims in this action among the parties to this Final Consent Judgment; and

**WHEREAS**, the parties herein have simultaneously entered into a Settlement Agreement and Mutual Release,

**IT IS HEREBY ORDERED** that Defendant has agreed to the below terms of a consent judgment:

1. This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Defendant and its agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Consent Judgment are hereby permanently restrained and enjoined from:

    (a) Challenging the validity, enforceability, or Deckers' ownership of the Bailey Button Boot Trade Dress and/or '999 Patent;

    (b) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing and/or incorporating in advertising or marketing the Accused Products and/or any products that infringe upon the Bailey Button Boot Trade Dress and/or '999 Patent;

    (c) Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 2(a) to 2(b) above.

3. Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

4. The execution of this Final Consent Judgment shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of this action shall not have preclusive effect on those who are not a party to this action or who are not specifically released in the parties' written Confidential Settlement Agreement and Mutual Release, all claims against whom Plaintiff expressly reserves.

5. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Consent Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED: April 29, 2016

_____
Hon. George H. Wu
**United States District Judge**